**FILED**

**NOT FOR PUBLICATION**

**SEP 14 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

F I L E D
Clerk
District Court

OCT 1 9 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10020 |
| Plaintiff - Appellee, | D.C. No. CR-04-00036-ARM |
| v. | |
| YOUNG JU KWON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Submitted September 11, 2006**

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

Federal prisoner Young Ju Kwon appeals from the 63-month sentence imposed following a guilty plea to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. We

---

\*       This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*      This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Kwon contends that the district court erred by imposing a sentence without conducting a full evaluation of his "substantial assistance," and by erroneously believing that this assistance could be evaluated at a later time through a Fed. R. Crim. P. 35(b) motion. We disagree. Kwon received a three-level downward departure pursuant to United States Sentencing Guidelines § 5K1.1 for substantial assistance. The government's § 5K1.1 motion was based upon the entirety of Kwon's assistance prior to sentencing. The district court and the government correctly noted that any post-sentencing assistance provided by Kwon could be addressed by a motion pursuant to Fed. R. Crim. P. 35(b). *See United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir. 2002). Accordingly, the record was complete and the district court properly imposed the sentence. *See United States v. Awad*, 371 F.3d 583, 590 (9th Cir. 2004) ("[I]f the government elects to make a § 5K1.1 motion, the court must simply insist that the motion be based upon an evaluation of the assistance that has been rendered by the defendant up to the time of sentencing.").

**AFFIRMED.**